## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,     Plaintiff, | § § § | |
| v. | § § | Cr. No. C-04-337 (1) |
| JOSE A. CASTRO GONZALEZ,     Defendant. | § § § | |

### ORDER DENYING WITHOUT PREJUDICE
### "APPLICATION FOR CERTIFICATE OF APPEALABILITY"

Pending before the Court is a motion filed by Defendant Jose A. Castro Gonzalez and received by the Clerk on September 28, 2007. (D.E. 31.) His motion is titled as an "Application for Certificate of Appealability." (D.E. 31.) For the reasons set forth herein, his motion is DENIED WITHOUT PREJUDICE.

Defendant waived his right to a jury trial and was tried by the Court on August 23, 2004. (D.E. 8-12.) The Court found him guilty and he was subsequently sentenced on November 23, 2004. (D.E. 18.) Judgment of conviction was entered on December 9, 2004. (D.E. 19.) Defendant timely appealed, and the Fifth Circuit affirmed in a per curiam opinion issued February 24, 2006. (D.E. 27, 28.) Prior to the filing of his "Application for Certificate of Appealability," Defendant had not filed any post-conviction motions.

In his motion, Defendant asserts that he is seeking a COA because he would like to submit a second or successive motion pursuant to 28 U.S.C. § 2255. (D.E. 31 at 1.) Because he has not filed a *first* § 2255 motion, however, he need not seek permission to file a second or successive motion. Similarly, because he has not filed any post-conviction motion which this Court has denied, it is

unclear what he would like to appeal or why he would need a COA. Thus, his motion is simply unnecessary. For these reasons, his motion is DENIED WITHOUT PREJUDICE to the extent it seeks a COA or permission to file a second or successive § 2255 motion.

It appears, however, that Defendant wants to file a § 2255 motion. Indeed, he indicates that he wants to raise claims of ineffective assistance of counsel, as well as a claim that his judgment (or some portion of it) is invalid because the Court has ordered that his supervised release term will become "inactive" if he is deported and will "re-activate" if he returns to the United States. (See D.E. 31 at 2 ( relying on the Sixth Circuit's decision in United States v. Ossa-Gallegos, 491 F.3d 537 (6th Cir. 2007).) If he wishes to file a § 2255 motion, Defendant may file such a motion with this Court and the Clerk is directed to provide him blank forms for filing such a motion. The Court reaches no conclusions herein, however, as to whether any such motion would be timely.

ORDERED this 1st day of October, 2007.

_____
Janis Graham Jack
United States District Judge