**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
|     Plaintiff-Respondent, § | | |
| § | | |
| v. § | Cr. No. C-04-337 | |
| § | C.A. No. C-07-400 | |
| JOSE A. CASTRO-GONZALEZ, § | | |
|     Defendant-Movant. § | | |

**ORDER DISMISSING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE, AND
ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Defendant Jose A. Castro-Gonzalez's ("Castro") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (D.E. 34).[1] The government has filed a motion to dismiss on the grounds that Castro's § 2255 motion is untimely. (D.E. 37, 38). For the reasons set forth below, the Court GRANTS the government's motion to dismiss, and DISMISSES Castro's motion. Additionally, the Court DENIES Castro a Certificate of Appealability.

**I. JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

**II. FACTS AND PROCEEDINGS**

On June 23, 2004, Castro was charged in a single-count indictment with illegal reentry, in violation of 8 U.S.C. §§ 1326(a) and 1326(b). He was tried in a bench trial on August 23, 2004. (D.E. 9.) The Court returned a guilty verdict the same date. (D.E. 12.)

---

[1] Dockets entries refer to the criminal case, C-04-cr-337.

1

Castro was sentenced by this Court on November 23, 2004. The Court sentenced him to 82 months in the custody of the Bureau of Prisons, to be followed by three years of supervised release, and imposed a fine and special assessment of $50 and $100, respectively. (D.E. 18, 19). Final judgment was entered December 9, 2004. (D.E. 19.)

Castro timely appealed, and the Fifth Circuit affirmed his conviction and sentence in a *per curiam* opinion issued February 24, 2006. (D.E. 27, 28.) He did not file a petition for certiorari.

On September 28, 2007, the Clerk received from Castro a document titled a titled as an "Application for Certificate of Appealability." (D.E. 31.) In it, he indicated that he sought a COA in order to file a second or successive motion pursuant to 28 U.S.C. § 2255. (D.E. 31 at 1.) He thus indicated an intent to file a motion pursuant to § 2255 at that time. In an order denying that motion without prejudice, the Court noted that he had not filed a *first* § 2255 motion and that he therefore did not need not seek permission to file a second or successive motion. The Court directed the Clerk to provide Castro with blank forms for filing such a § 2255 motion, but expressly noted: "The Court reaches no conclusions herein, however, as to whether any such motion would be timely." (D.E. 32 at 2.)

On October 15, 2007, the Clerk received Castro's § 2255 motion, now pending before the Court and addressed herein. The Court deems his motion filed as of October 8, 2007.[2] (D.E. 34.)

### III. MOVANT'S ALLEGATIONS

Castro's motion lists four grounds for relief. First, he argues that he was denied effective

---

[2] Castro's motion was received by the Clerk's office on October 15, 2007. The motion was executed, however, on February 29, 2004, and that date is the earliest it could have been placed in the mailbox at his place of incarceration. Under Houston v. Lack, 487 U.S. 266, 276 (1988), it is deemed filed as of the earlier date. See also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992) (providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings).

assistance of counsel because his attorney did not submit a notice of appeal, despite Castro's request that he do so. (D.E. 34 at 4.)

Second, he claims that his sentence was illegal because his "supervised release is being tolled." (D.E. 34 at 5.) He claims that he did not learn that this tolling was illegal until August, 2007, when his prison's law library received a copy of United States v. Ossa-Gallegos, 491 F.3d 537 (6th Cir. 2007). This en banc decision from the Sixth Circuit, decided June 21,207, held that a district court could not order that a supervised release term be tolled by the defendant's deportation. 491 F.3d at 542. The Ossa-Gallegos court concluded that such a "condition" was illegal because tolling the period of supervised release while a defendant was outside the United States was "inconsistent with the statutory scheme" governing supervised release. Id. at 545.

Castro's third and fourth grounds for relief are related to his second. Specifically, in his third claim, he claims that his counsel was constitutionally ineffective for failing to object at sentencing to the judgment "tolling" his supervised release term during any time he is out of the country after being deported. (D.E. 34 at 7.) In his fourth, he claims that *appellate* counsel was ineffective for failing to argue that the tolling of Castro's supervised release term was illegal. (D.E. 34 at 8.)

## IV.  DISCUSSION

### A.  Statute of Limitations

The first and primary reason that Castro's motion fails is that it is untimely. A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255. The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, 532 (2003); United States v. Gamble, 208 F.3d

3

536, 536-37 (5th Cir. 2000)(*per curiam*).

As noted, Castro timely appealed his conviction and sentence, and the Fifth Circuit dismissed his appeal by order entered February 24, 2006. The period for Castro to file a petition for writ of certiorari expired 90 days after that date. S. Ct. R. 13(1); Clay, supra. Castro did not file a petition for writ of certiorari. His conviction thus became final when the 90-day time for filing the petition expired, or on May 25, 2006. Castro's time period for filing a motion pursuant to 28 U.S.C. § 2255 expired a year after that date, or on May 25, 2007. His motion is deemed filed as of October 8, 2007.[3] Thus, it was filed more than four months beyond the deadline as calculated under § 2255(1), and is untimely.

Section 2255 also provides certain alternative dates upon which the limitations period may begin. Specifically, it provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255, ¶ 6. The Fifth Circuit has sometimes referred to the application of subsections

---

[3] Even if the Court were to use the date of Castro's September 28, 2007 "Application for Certificate of Appealability" as the date his § 2255 motion was filed, it would still be untimely.

4

other than subsection 1 above as statutory tolling.[4] As discussed in the next section, the Court interprets Castro's motion as requesting both statutory and equitable tolling.

**B.      Statute of Limitations As Applied To Castro**

In his motion, Castro acknowledges that his motion is untimely. He provides the following explanation as to why:

> IT IS OCTOBER AND JUST NOW IN AUGUST/2007 WAS WHEN THE CLAIMS EVIDENCE CAME TO THE LAW-LIBRARY IN THIS INSTITUTION. THE DEFENDANT BEING A LAY-PERSON, HAVING TO HAVE SUBMITTED HIS OWN NOTICE OF APPEAL, MISTAKENLY SUBMITTING A CERTIFICATE OF APPEALABILITY, AND THE VALIDITY/WEIGHT OF THE GROUNDS RAISED IN THIS MOTION ARE ALL THE REASONS THAT THE DEFENDANT PRAYS THIS HONORABLE COURT TAKE INTO CONSIDERATION AND ACCEPT AS TIMELY, AND ALLOW THE DEFENDANT TO PROCEED WITH THIS CLAIM. ... DEFENDANT IS ALSO UNDER THE IMPRESSION THAT [§2255(4)] MAY ALSO APPLY TO THIS CASE."

(D.E. 34 at 12.)

Thus, it appears that Castro is seeking statutory tolling under § 2255(4), and is also seeking equitable tolling on the grounds that: (1) the "evidence," i.e., the Sixth Circuit's decision in Ossa-Gallegos, supra, did not come to his prison's law library until August 2007; (2) he is a layperson; and (3) his grounds for relief are valid.

**1.      Statutory Tolling**

Castro argues that subsection (4) of § 2255 renders his motion timely, because he did not

---

[4] In a related context, and applying a similar statute, a calculation of the limitations period under a subsection other than (1) was referred to by the Fifth Circuit as "statutory tolling." See, e.g., Egerton v. Cockrell, 334 F.3d 443 (5th Cir. 2003) (discussing application of 28 U.S.C. § 2244(d)(1), which governs the limitations period for filing petitions under 28 U.S.C. § 2254 and is nearly identical to the limitations period set forth in 28 U.S.C. § 2255).

learn of the Ossa-Gallegos decision until August 2007. (D.E. 34 at 12.) This subsection is inapplicable in this case, however, because Castro has not identified any *facts* relevant to his claim that he did not discover – or could not have discovered – earlier. Rather, he simply argues that a case he believes is helpful to him was not decided until June 2007 and not available to him until August 2007 . Essentially, his is an argument that he did not know about the *law*. Under the plain language of subsection (4), it is applicable only when there are facts that could not have been discovered sooner. It is not applicable where, as here, a movant asserts that he could not have discovered the law sooner.

Thus, the Court concludes that § 2255(4) is inapplicable here, because Castro does not rely on any facts that could not have been discovered prior to the judgment against him becoming final.

### 2. Equitable Tolling

As to his request for equitable tolling, the limitations period for § 2255 motions is subject to equitable tolling "only 'in rare and exceptional cases.'" United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002), cert. denied, 123 S. Ct. 2630 (2003) (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). None of the grounds listed by Castro entitle him to relief. First, as noted in the preceding section, the fact that Ossa-Gallegos was not decided until June 2007 and did not arrive at his prison's law library until August 2007 does not entitle Castro to tolling.

Second, the mere fact that Castro is a "layman" or proceeding pro se does not support a claim for equitable tolling. Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (equitable tolling is not required simply because a petitioner is unfamiliar with the legal process, is unrepresented, or is illiterate).

Finally, the fact that he claims to have valid grounds for relief is irrelevant to the issue of

whether his motion is timely. To hold otherwise would render the statute of limitations meaningless. In any event, as discussed in the next section, the Court concludes that none of his substantive grounds for relief have merit.

For the foregoing reasons, Castro's motion is time-barred and Castro is not entitled to tolling.

**C.    Substantive Claims**

Even if Castro's motion were timely and his claims were properly before the Court, they do not entitle him to relief, as discussed herein.

First, as to his claim that counsel was ineffective because he failed to appeal, Castro cannot show prejudice. United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001) (to prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim."). Castro filed a *pro se* notice of appeal and his attorney, Edward Garza, represented him on appeal. The Fifth Circuit addressed the merits of his appeal, but affirmed his conviction and sentence. He cannot show he was deprived of his right to an appeal or that he was prejudiced in any way. Accordingly, his first claim fails.

His second, third, and fourth claims are all premised on his mistaken belief that the judgment in this case provided for tolling of his supervised release term. In fact, the judgment does not provide for the tolling of his supervised release while he is out of the country. (D.E. 19.) The portion of the judgment Castro believes is illegal states as follows:

> DEPORTATION: If deported, the defendant is not to re-enter the United States illegally. If the defendant is deported during the period of probation or the supervised release term, supervision by the probation office becomes inactive. If the defendant returns, the

7

>>defendant shall report to the nearest U.S. Probation Office immediately. Supervision by the probation officer reactivities automatically upon the defendant's reporting.

(D.E. 19 at 4, attached to Castro's § 2255 motion as Exhibit B.)  Unlike the judgment in <u>Ossa-Gallegos</u>, then, the judgment here does ***not*** toll the term of supervised release while Castro is out of the United States.  Instead, it merely provides that, while he is out of the country, he shall not be subject to supervision by the Probation Office.  <u>Compare</u> D.E. 19 at 4 with <u>Ossa-Gallegos</u>, 491 F.3d at 539 (judgment stating that the "term of supervised release shall be tolled while the Defendant remains outside the jurisdiction of the United States").  Supervision becoming inactive is distinguishable from an explicit statement that the supervised release term itself is "tolled."  Accordingly, <u>Ossa-Gallegos</u> is inapposite and does not entitle him to relief.  Castro's second claim fails.

His third and fourth claims, which allege ineffective assistance of counsel at sentencing and on appeal because counsel failed to challenge the alleged tolling of the supervised release term, also fail.  The failure to raise a meritless argument is neither deficient nor prejudicial.  <u>See</u> <u>United States v. Kimler</u>, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.").

**D.     Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although Castro has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA.  <u>See</u> <u>Alexander v. Johnson</u>, 211 F.3d 895, 898

(5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings).

It is unnecessary for the Court to address whether Castro's petition states a valid claim of the denial of a constitutional right, because he cannot establish the second Slack criteria. That is, the Court concludes that reasonable jurists could not debate the denial of Castro's § 2255 motion on procedural grounds. Under the plain record of this case, his motion is time-barred and he is not entitled to tolling of the limitations period. Accordingly, Castro is not entitled to a COA.

## V.  CONCLUSION

For the above-stated reasons, the government's motion to dismiss (D.E. 37, 38) is GRANTED, and Castro's motion under 28 U.S.C. § 2255 is DISMISSED as time-barred. The Court also DENIES Castro a Certificate of Appealability.

It is so ORDERED this 4th day of March, 2008.

_____
Janis Graham Jack
United States District Judge